IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

YOUNGEVITY LASER SKIN CENTER, INC.,

Plaintiff,

v.

SPARK MEDICAL MARKETING,

Defendant.

CIVIL ACTION NO. 26-

Electronically Filed

**JURY TRIAL DEMANDED**

**COMPLAINT IN CIVIL ACTION**

AND NOW, comes Plaintiff, Youngevity Laser Skin Center, Inc., by and through its attorneys, George R. Farneth II, Esquire and The Farneth Law Group, LLC, and files this Complaint in Civil Action, averring as follows:

**PARTIES**

1. Plaintiff, Youngevity Laser Skin Center, Inc. ("Plaintiff") is a Pennsylvania corporation which maintains its principal and only place of business at 201 N. Braddock Avenue, Suite 224, Pittsburgh, Pennsylvania 15208.

2. Defendant, Spark Medical Marketing ("Defendant"), is believed to be a foreign corporation which, at all times pertinent hereto, maintained its principal place of business at 7491 N. Federal Hwy, Suite C5 #214, Boca Raton, FL 33487.

**JURISDICTION AND VENUE**

3. Plaintiff is a citizen of the Commonwealth of Pennsylvania and Defendant is a citizen of the State of Florida.

4. The contract that gives rise to Plaintiff's claims in this case was negotiated and executed in and, therefore, at all times pertinent hereto, Defendant was doing business in the Commonwealth of Pennsylvania.

5. The amount in controversy, without interest and costs, exceeds the sum or value specified by 28 U.S. C. § 1332.5.

6. Venue in this Court is proper in accordance with the provisions of 28 U.S.C. § 1391, in that all the claims set forth herein arose in the Western District of Pennsylvania.

## STATEMENT OF FACTS

7. On July 21, 2022, Plaintiff entered into a Customer Purchase Agreement with Cynosure, LLC ("Cynosure") pursuant to which Plaintiff purchased from Cynosure certain Laser Equipment and other products and services ("Purchase").

8. The Purchase included a marketing package with "[p]rinted and electronic marketing material support including: product brochures, print-ready files, web and media files, before and after photos" ("Marketing Services").

9. Cynosure, and later Defendant, represented that the Marketing Services would significantly increase Plaintiff's presence in the marketplace and its sales and profits.

10. Cynosure, and later Defendant, also represented that the value of the Marketing Services was $20,000.00.

11. Plaintiff believes that, in conjunction with it entering into the Customer Purchase Agreement, Cynosure entered into a contract with Defendant pursuant to which it agreed to and was contractually obligated to provide the Marketing Services ("Contract"). Although Plaintiff does not have a copy of same, it believes Defendant does have a copy of the Contract in its possession.

12. At all times pertinent hereto, Plaintiff was an expected and intended beneficiary of the Contract.

13. Based on its discussions with Cynosure before and after it entered into the Contract, and later with Plaintiff, Defendant knew the Marketing Services were to be provided to Plaintiff in Pittsburgh, Pennsylvania.

14. Between November 1, 2022 and November 15, 2022, Plaintiff had initial marketing discussions with Defendant and, as requested, completed and submitted an intake form to Defendant.

15. On December 5, 2022, Defendant told Plaintiff's President, Julene Young ("Young") that someone from Defendant would contact her when they had finished designing Plaintiff's website and prepared Plaintiff's marketing materials.

16. On January 24, 2023, Plaintiff called and emailed Defendant but received no response.

17. Several subsequent attempts to reach Defendant were unsuccessful and Defendant failed to return any of the messages Plaintiff left.

18. On February 21, 2023, Plaintiff was advised by Cynosure's employee/representative, Hunter Molcan ("Molcan"), that she was aware of the situation and that some of Cynosure's other clients were experiencing similar problems with Defendant.

19. On March 19, 2023, Cynosure, by and through Molcan, advised that it had attempted to contact Defendant without any response.

20. It was not until March 19, 2023 that Plaintiff, by and through Young, suspected for the first time that Defendant had no intention of fulfilling its contractual duties and would not provide any of the Marketing Services it agreed to provide and for which Plaintiff paid.

21. Since March 19, 2023, multiple efforts to contact Defendant to obtain the Marketing Services to which Plaintiff is contractually and legally entitled have been unsuccessful.

22. As a sole, direct, proximate, factual, and legal result of Defendant's conduct as averred herein, Plaintiff has suffered the following damages, losses and harm, all of which are or may be permanent in nature:

a. It lost the $20,000.00 it paid for the Marketing Services;

b. It incurred finance charges on the $20,000.00 it paid for the Marketing Services;

c. It has still not received the Marketing Services;

d. It suffered a loss of the benefit of its bargain;

e. It has suffered lost sales, sales opportunities, and profits which will be proven at trial but are presently believed to be well in excess of $75,000;

f. It has lost customers and potential customers;

g. It has suffered other losses, damages, and harm that will be proven at trial.

**COUNT I**

**PLAINTIFF v. DEFENDANT**

**<u>BREACH OF CONTRACT</u>**

23. Plaintiff incorporates herein by reference as though fully set forth at length the averments set forth in paragraphs 1 through 22 above.

24. In Pennsylvania, three elements are necessary to properly plead a cause of action for breach of contract: "(1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract and (3) resultant damages." *CoreStates Bank, Nat'l Assn. v. Cutillo,* 723 A.2d 1053, 1058 (Pa. Super.1999).

25. Based on the factual averments set forth herein, Plaintiff has pleaded and will prove all three of the elements necessary to establish its breach of contract claim.

26. To date, Plaintiff has not received any of the Marketing Services that were included in the Customer Purchase Agreement and that Defendant was and is contractually obligated to provide.

23. Because Plaintiff has not received the Marketing Services Defendant promised, for which Plaintiff bargained, and to which Plaintiff is contractually and legally entitled, Plaintiff did not receive the marketing presence and increased sales and profits it was promised by Defendant.

24. At all times pertinent hereto, Defendant knew of Plaintiff's significant efforts to obtain the Marketing Services to which it was contractually and legally entitled, yet Defendant has failed and refused to deliver any of the Marketing Services.

25. Defendant's failures as averred herein constitute a breach of contract.

26. As a sole, direct, proximate, factual, and legal result of Defendant's breach of contract as aforesaid, Plaintiff has suffered the aforementioned damages, losses and harm, all of which are or may be permanent in nature.

WHEREFORE, Plaintiff, Youngevity Laser Skin Center, Inc., demands judgment in its favor and against Defendant, Spark Medical Marketing, in an amount in excess of $75,000, together with interest, costs, and such other relief as this Court deems appropriate.

**COUNT II**

**PLAINTIFF v. DEFENDANT**

**UNJUST ENRICHMENT/QUANTUM MERUIT (IN THE ALTERNATIVE)**

27. Plaintiff incorporates herein by reference as though fully set forth at length the averments set forth in paragraphs 1 through 26 above.

28. In Pennsylvania, three elements are necessary to properly plead a cause of action for unjust enrichment/quantum meruit: "The plaintiff conferred a benefit upon the defendant. The defendant appreciated the value of the benefit. The defendant accepted and retained the benefit under circumstances where it would be inequitable for the defendant to keep the benefit without paying for its value." *Schenck v. K.E. David, Ltd.*, 446 Pa. Super. 94, 666 A.2d 327 (1995).

29. By virtue of its acceptance, retention, and conversion of the $20,000.00 Plaintiff paid for the Marketing Services, Defendant was conferred benefits that Plaintiff was and is legally and equitably entitled to recover from Defendant.

30. Defendant wrongfully and unlawfully converted to its own use and benefit the $20,000.00 to which Plaintiff is legally and equitably entitled.

31. Defendant would be unjustly enriched at Plaintiff's expense if it was permitted to retain and use the $20,000.00 to which Plaintiff is legally and equitably entitled.

32. Under the circumstances, it would be inequitable for Defendant to retain the $20,000.00 it wrongfully and unlawfully obtained from and to which Plaintiff is legally equitably entitled.

33. As a sole, direct, proximate, factual, and legal result of Defendant's conduct which constitutes an unjust enrichment as aforesaid, Plaintiff has suffered the aforementioned damages, losses and harm, all of which are or may be permanent in nature.

WHEREFORE, Plaintiff, Youngevity Laser Skin Center, Inc., demands judgment in its favor and against Defendant, Spark Medical Marketing, in an amount in excess of $75,000, together with interest, costs, and such other relief as this Court deems appropriate.

Respectfully Submitted,

**THE FARNETH LAW GROUP, LLC**

By: /s/George R. Farneth II________
George R. Farneth II, Esquire
PA I.D. #53914
WV I.D. #10749
445 Fort Pitt Blvd., Suite 160
Pittsburgh, PA 15219 (Primary Address)
845 Charles Street
Wellsburg WV 26070
(412) 863-7092 (Direct)
(412) 977-7779 (Cell)
(412) 586-4713 (Facsimile)
grf@farnethlaw.com
*Attorneys for Plaintiff,*
*Youngevity Laser Skin Center, Inc.*